# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: September 21, 2016

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| CALAN SEABERG, | \* | UNPUBLISHED |
| | \* | |
| Petitioner, | \* | No. 14-655v |
| | \* | |
| v. | \* | Chief Special Master Dorsey |
| | \* | |
| SECRETARY OF HEALTH | \* | Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | \* | Reasonable Amount to Which |
| | \* | Respondent Does Not Object. |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

John R. Howie, Jr., Howie Law, P.C., Dallas, TX, for petitioner.
Adriana R. Teitel, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On July 25, 2014, Calan Seaberg ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to 34 (2012). Petitioner alleged that he developed transverse myelitis as a result of receiving Tetanus, diphtheria, and acellular pertussis ("Tdap"), Hepatitis A ("Hep A"), Varicella, and/or Human Papillomavirus ("HPV") vaccines on July 27, 2011, and that he suffered the residual effects of this injury for more than six months. Stipulation at ¶¶ 1, 2, 4.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On August 30, 2016, the parties filed a stipulation in which they stated that a decision should be entered awarding compensation. On September 1, 2016, the undersigned issued a decision finding the terms of the joint stipulation reasonable and adopting it as the decision of the court in awarding damages.

On September 16, 2016, petitioner filed an unopposed motion for attorneys' fees and costs, requesting $45,000.00 in attorneys' fees and costs. Pet. Mot. at 1. In compliance with General Order #9, petitioner states that he did not incur any costs related to the litigation of this matter. Pet. Mot. At 2; Pet. Ex. 2, Pet. Statement Regarding Fees and Costs. Petitioner's application states: "Petitioner has submitted documentation to Respondent's counsel" supporting the application and that "Respondent's counsel has indicated that Respondent does not object to this request for fees and cost[s]." Pet. Mot. At 1.

The Vaccine Act permits an award of reasonable attorneys' fees and costs under 42 U.S.C. section 300aa-15(e). Based on the reasonableness of petitioners' request, the undersigned **GRANTS** the request for approval and payment of supplemental attorneys' fees and costs, pursuant to 42 U.S.C. § 300 aa-15(e).

An award should be made as follows:

(1)     **A lump sum of $45,000.00, in the form of a check payable jointly to petitioner and his counsel of record, John R. Howie of Howie Law, PC, for attorneys' fees and costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance herewith.[3]

**IT IS SO ORDERED.**

s/ Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.